IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE NORTH RIVER INSURANCE COMPANY,<br><br>  Plaintiff,<br>v.<br><br>MILLENNIA HOUSING MANAGEMENT, LTD; GMF-FOREST COVE, LLC; JORDAN WEATHERBY; JAZMIN BROWN-SMITH, Personal Representative of ERIC D. SMITH, Deceased; and ANN J. HERRERA, Administrator of the Estate of ERIC D. SMITH, Deceased.<br><br>  Defendants. | CIVIL ACTION NO.<br>_____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, The North River Insurance Company ("North River"), shows this Honorable Court the following:

**NATURE OF THE ACTION**

1. This is an insurance coverage action in which North River seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between North River and the Defendants,

i.e., that Plaintiff North River owes no defense nor indemnification obligations to any of the Defendants in connection with a lawsuit filed by Defendants Jazmin Brown-Smith ("Brown-Smith") and Ann Herrera ("Herrera") against Defendants Millennia Housing Management, LTD ("Millennia"), Jordan Weatherby ("Weatherby"), and GMF-Forest Cove, LLC ("Forest Cove"). A true and correct copy of Brown-Smith's and Herrera' Complaint (the "Underlying Lawsuit") is attached as Exhibit A.

## THE PARTIES

2.     North River is a New Jersey corporation with a statutory home office and main administrative office in Morristown, New Jersey.

3.     North River is licensed to transact insurance business in the State of Georgia.

4.     Millennia is an Ohio limited liability company with its principal place of business in Cleveland, Ohio. Millennia consists of 3 members: Frank T. Sinito, Malisse Sinito, and MJB &z, Inc., an Ohio Corporation with a principal place of business in Ohio. All are Ohio citizens.

5.     Millennia may be served through its registered agent for service CT Corporation System 289 S. Culver St. Lawrenceville, GA 30046.

6. Forest Cove is a Tennessee limited liability company with its principal place of business in Cordova, Tennessee. Forest Cove consists of one member: GMF Preservation of Affordability Corporation, a Tennessee non-profit corporation with a principal place of business in Tennessee. All are Tennessee citizens.

7. Forest Cove can be served through its registered agent for service C. David Lumsden 3400 Peachtree Road, NE, Suite 1515, Atlanta, GA 30326.

8. Jordan Weatherby is an individual domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

9. Upon information and belief, Weatherby may be served in this action by delivering the Complaint for Declaratory Judgment to him at the Fulton County Jail, located at 901 Rice Street NW, Atlanta, Georgia 30318.

10. Jazmin Brown-Smith claims to be the personal representative of Eric Smith and is an individual domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

11. Ann Herrera claims to be the administrator of the estate of Eric Smith and is an individual domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

12. Eric Smith was a citizen of Georgia and resided at and was domiciled in Atlanta, Georgia, immediately prior to his death.

## JURISDICTION AND VENUE

13. Defendant Millennia is subject to personal jurisdiction and venue in this Court.

14. Defendant Forest Cove is subject to personal jurisdiction and venue in this Court.

15. Defendant Weatherby is subject to personal jurisdiction and venue in this Court.

16. Defendant Brown-Smith is subject to personal jurisdiction and venue in this Court.

17. Defendant Ann Herrera is subject to personal jurisdiction and venue in this Court.

18. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

19. Plaintiff is a citizen of a different state than all defendants.

20. There is complete diversity of citizenship as required by 28 U.S.C. § 1332.

21. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

22. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that

North River is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by North River.

## BACKGROUND FACTS

23. On June 13, 2018, Eric Smith ("Decedent") was attending a vigil at an apartment complex to commemorate the death of Christopher Calhoun.

24. As the vigil was taking place, two armed males, one of whom was Defendant Weatherby, approached the gathering, and an altercation took place.

25. Defendant Weatherby allegedly shot the Decedent during that altercation, resulting in his death (the "incident").

26. The apartment complex where the incident took place was located at 900 Newton Circle, Atlanta, GA.

27. The apartment complex was known, at that time, as Forest Cove, and was owned by GMF-Forest Cove.

28. Based on information and belief, Millennia was the property manager of Forest Grove at the time of the incident.

29. Jazmin Brown-Smith (in her alleged capacity as personal representative of the Decedent) and Ann J. Herrera (in her alleged capacity as administrator of the Estate of Decedent) have filed the Underlying Lawsuit in the State Court of Dekalb County, Georgia, Civil Action File No. 19A75111, naming Millennia, Forest Cove,

and Weatherby as defendants.

30. Based on information and belief, the Underlying Lawsuit was filed in June of 2019 and served on June 17, 2019.

31. The Underlying Lawsuit seeks damages for various personal injuries, negligence, and/or the wrongful death of the Decedent.

## THE POLICY

32. North River issued a Commercial Umbrella Policy to Millennia Housing Management LTD bearing Policy Number 5811099759 with a Policy Period of 12/28/17 to 12/28/18 (the "Policy"). GMF-Forest Cove is added as an additional insured in the underlying Cincinnati Specialty Underwriters Insurance Company Policy bearing Policy Number CSU0092827 (the "Underlying Policy"). Forest Cove is not designated in the declarations of the North River Policy nor any subsequent endorsements as an Insured.

33. A true and accurate certified copy of the Policy is attached hereto and labeled Exhibit B.

34. The Policy was issued to Millennia.

35. Georgia law will control the issues in this matter

36. The Policy provides in relevant part:

**I.    Coverage – Insuring Agreement**

   A.    We will pay on behalf of the Insured those sums in excess of the "Retained Limit" which the Insured by reason of liability imposed by law, or tort liability assumed by the Insured under an "Insured Contract" entered into prior to the "Occurrence" shall become legally obligated to pay as damages because of "Bodily Injury", "Property Damage", or "Personal and Advertising Injury". We will also pay on behalf of the Insured those sums in excess of the "Retained Limit" which the Insured becomes legally obligated to pay as a "Covered Pollution Cost or Expense"

However, the amount we pay for damages, or damages and a "Covered Pollution Cost or Expense", is limited as described in SECTION V. LIMITS OF INSURANCE.

   B.    With respect to "Bodily Injury" and "Property Damage":

…

      3.    "Bodily Injury" or "Property Damage" will be deemed to have been known to have occurred at the earliest time when any Insured listed under paragraph A. or B. of Section III., WHO IS AN INSURED or any "Employee" authorized by you to give or receive notice of an "Occurrence" or claim:

         a.    reports all, or any part, of the "Bodily Injury" or "Property Damage" to us or any other Insurer;

         b.    receives a written or verbal demand or claim for damages because of the "Bodily Injury" or "Property Damage"; or

         c.    becomes aware by any other means that "Bodily Injury" or "Property Damage" has occurred or has begun to occur.

37.    The Policy provides in part:

**III.   Who is an Insured**

    A.    If you are designated in the Declarations as:

…

        2.    a partnership or joint venture, you are an Insured. Your members, your partners, and their spouses are also Insureds, but only with respect to the conduct of your business;

        3.    a limited liability company, you are an Insured. Your members are also Insureds, but only with respect to the conduct of your business. Your managers are insured, but only with respect to their duties as your managers;

    B.    Each of the following is also an Insured:

        1.    Your … "Employees" … but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

        2.    any person (other than your "Employee" or "Volunteer Worker") or any organization while acting as your real estate manager;

        3.    any of your subsidiary corporations, or any organization that you maintain majority ownership of, or the controlling interest in, other than a newly acquired or formed organization;

…

        5.    any person, organization, trust, or estate that has obligated you by an "Insurance Contract" to provide the insurance that is afforded by this policy, but this policy applies;

  a. only up to the policy limits required by the "Insured Contract", subject to the limits of this policy; and

  b. only with respect to "Bodily Injury", "Property Damage" or "Personal and Advertising Injury" that occurs subsequent to the time you enter into the "Insured Contract", and,

  c. only with respect to liability arising out of…your negligence.

38. The Policy includes the following definitions, among others:

**IV. Definitions**

"Bodily Injury" means bodily injury, sickness, disease, disability, shock, mental anguish, mental injury or humiliation sustained by a person, including death resulting from any of these at any time.

…

"Insured Contract" means:

  6. That part of any other contract or agreement pertaining to your business … under which you assume the tort liability of another party to pay for "Bodily Injury" … to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

…

"Other Insurance" means:

  1. any insurance policy affording coverage to any Insured for damages… for which this policy also provides coverage; or

…

"Other Insurance" does not include:

    1.    "Underlying Insurance"; or

    2.    Any insurance policy purchased expressly to apply in excess of the insurance afforded by this policy.

…

"Retained Limit" means:

    1.    with respect to any "Occurrence" that is covered by "Underlying Insurance" or "Other Insurance", the total of the applicable limits of "Underlying Insurance" and "Other Insurance"….

…

"Underlying Insurance" means:

    1.    the policies … listed in Schedule A-Schedule of Underlying Insurance;

…

"Suit" means a civil proceeding in which damages because of "Bodily Injury" … to which this insurance applies are alleged.

39. The Policy includes the following conditions, among others:

    **IX.    Conditions**

**G.  Duties in the event of occurrence, claim or suit**

1. You must see to it that we are notified of any "Occurrence" which may result in a claim or "Suit" under this policy.  To the extent possible notice should include:

    a.    how, when and where the "Occurrence" took place;

    b.    the names and addresses of any injured persons and witnesses; and

    c.    the nature and location of any injury or damage arising out the "Occurrence".

This requirement applies only when the "Occurrence" is known to:

    e.    a manager if you are a limited liability company.

2.    If a claim is made or "Suit" is brought against any Insured that is likely to involve this policy, you must:

    a.    immediately record the specifics of the claim or "Suit" and the date received; and

    b.    see to it that we are notified as soon as practicable.

This requirement will not be considered breached unless the breach occurs after such claim or "Suit" is known to:

    e.    a manager if you are a limited liability company.

3.    You and any other involved Insureds must:

    a.    immediately send us copies of any demands, notices, summonses or legal papers received in connection with any claim or "Suit"'

    b.    authorize us to obtain records and other information;

    c.    cooperate with us in the investigation or settlement of the claim or defense against the "Suit"; and

    d.    assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to any insured because of injury, damage … to which this insurance may also apply.

4.    No Insured will, except at that Insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

40.    The Policy also provides the following:

## CLAIMS REPORTING INFORMATION

The Insurance companies of Crum & Forster Holding Inc. ("Crum & Forster") are committed to providing Policyholders with timely and effective claims handling. Crum & Forster's ability to respond to a claim that you receive is an important component of your insurance coverage.

Notices of any accident, loss, claim or suit must be sent to:

Crum & Forster
Attention: Umbrella Claims
305 Madison Avenue
P.O. 1973
Morristown, New Jersey 07962
888 890 1500
Or
Via Fax: 877 622 6533
Or
Via Internet: http://agents.cfins.com

Additional claims reporting information can be accessed at our website: www.cfins.com

### Claim History

41.     Defendants Millennia and Forest Cove knew about the "Occurrence" the same day the incident took place, June 13, 2018.

42.     Defendants Millennia and Forest Cove knew of the claim or "Suit" no later than June 17, 2019, when the Underlying Lawsuit was served upon them.

43.     Neither of the Defendants Millennia and Forest Cove, nor any other party notified North River as soon as practicable of the incident involving the

Decedent, which constituted an "Occurrence" under the Policy or an offense which was likely to involve this Policy.

44. Neither of the Defendants Millennia and Forest Cove, nor any other party notified North River of the claim or "Suit" at the time the Underlying Suit was filed and served.

45. North River was notified of the claim and "Suit" for the first time on October 19, 2021.

46. North River reserved all rights under the Policy and sent a written reservation of rights letter advising Millennia of its reservation of rights on February 1, 2022, a true and accurate copy of that reservation of rights is attached as Exhibit C.

47. Defendants Millennia and Forest Cove did not ensure North River was provided notice of the claim or "Suit" until more than 3 years after the "Occurrence" and more than 2 years after the "Suit" was filed.

48. The Defendants Millennia and Forest Cove breached the notice requirements of the Policy.

49. The notice requirements were a condition precedent for coverage under the Policy.

50. Although not required by the Policy or Georgia law for the breach of

the notice requirements to preclude coverage, North River has been prejudiced by Defendants Millennia and Forest Cove failure to put North River on notice of the subject "Occurrence," claim, and "Suit."

## Declaratory Judgment

51. North River is in a position of uncertainty or insecurity with respect to its rights, status, and other legal relations as to the Policy and its obligations (if any) with respect to the Defendants and the claims asserted in the Underlying Lawsuit.

52. The Defendants Millennia and Forest Cove failed to satisfy the notice conditions that were conditions precedent to coverage as set forth in the Policy.

53. As a result of the failure to provide notice as required by the Policy, the Policy and conditions precedent were breached.

54. As a result of the failure to provide notice as required by the Policy, North River was prejudiced.

55. All of the claims asserted in the Underlying Lawsuit are not subject to coverage under the Policy as a result of the breaches of the notice conditions precedent.

WHEREFORE, Plaintiff The North River Insurance Company prays:

(a) That each and every defendant be required to respond to the allegations set forth in this Complaint for Declaratory Judgment;

(b) That this Court declare that none of the Defendants are afforded insurance coverage under the subject Policy and that North River has no duty or liability to provide for a defense or indemnify the Insured for any judgment, settlement, or any other claim relating to the Underlying Lawsuit.

(c) For such other relief as this Court deems just and proper.

Respectfully submitted this 22nd day of February, 2022.

Respectfully submitted,

**Bovis, Kyle, Burch & Medlin, LLC**

| | |
|---|---|
| 200 Ashford Center North<br>Suite 500<br>Atlanta, Georgia  30338-2668<br>Tel:  (770) 391-9100<br>Fax: (770) 668-0878<br>kjackson@boviskyle.com<br>ganderson@boviskyle.com | /s/ Kim M. Jackson<br>Ga. State Bar No. 387420<br><br>/s/ D. Garrett Anderson<br>Ga. State Bar No. 432444<br><br>*Counsel for The North River Insurance Company* |